A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RECEIVED

MAR 08 2022

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

Randy Charles Marshall    539910
                          Inmate (DOC) number

(Enter above the full name of
each plaintiff in this action.)

VERSUS  James M. LeBlanc
Willard Gauthier
Robert Wright
Thomas Sterling
Austin Calvert + Tim Delaney

(Enter above the full name of
each defendant in this action.)

## Instructions for Filing Complaint by Prisoners
## Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Corrections.

All copies of the complaint must be identical to the original.

The names of all parties must be listed in the caption and in part III of the complaint exactly

4.  Name of judge to whom case was assigned: _____ N/A _____

5.  Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?):

    N/A

6.  Date of filing lawsuit: _____ N/A _____

7.  Date of disposition: _____

C.  Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?     Yes ( )     No ( X )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

_____ N/A _____

II.  Place of present confinement: Louisiana State Penitentiary (Angola, La.)

A.  Is there a prisoner grievance procedure in this institution?  Yes (✓) No ( )

B.  Did you present the facts relating to your complaint in the state prisoner grievance procedure?
    Yes (✓) No ( )

C.  If your answer is YES:

1.  Identify the administrative grievance procedure number (s) in which the claims raised in this complaint were addressed. Appeal Number: LSP~2021~0245

2.  What steps did you take? 1st Step: Disciplinary Appeal
2nd Step: Appeal to the Secretary of Public Safety and Corrections

3.  What was the result? 1st Step: Appeal~Denied
2nd Step: Decision of the Secretary~Denied

D.  If your answer is NO, explain why not: _____ N/A _____

3.

III.   **Parties**

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Randy Charles Marshall
   Address 17544 Tunica Trace, Angola, LA 70712

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant Willard Gauthier _____ is employed as
   Lieutenant Colonel (Presently Colonel) at Louisiana State Penitentiary

C. Additional Defendants: Robert Wright, Colonel, Louisiana State Penitentiary
   Thomas Sterling, Major, Louisiana State Penitentiary
   Austin Calvert, Captain (Presently Major) Louisiana State Pen
   Tim Delaney, Warden, Louisiana State Penitentiary
   James M. LeBlanc, Secretary, Public Safety and Corrections (D.O.C.)

IV.   **Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Lieutenant Colonel Willard Gauthier willfully and maliciously committed malfeasance in office by falsifying a Department of Public Safety and Corrections Disciplinary Board Investigation Report Dated August 26th, 2021. On August 5, 2021 I received a Disciplinary Report authored by Captain Austin Calvert stating that I was being placed in Investigative Segregation per. Lt. Col. Gauthier for a rule violation 30c (that was changed to a 30w). Lt. Col. Gauthier stated in his Investigation Report that after reviewing security camera footage for Jaguar for (*see Attached Sheets)

4.

**IV. Statement of Claim (Con't):**

August 5th, 2021 camera footage revealed that off-ender Randy Marshall #539910 (me) received an "unknown" object from a offender, Troy kelly #574207, who was involved in an "aggravated fight" (Rule #11). Offender Marshall then went to Jaguar 3 and passed the object to offender Dwight Carter #416060, who then took the object to his cell. Offender Carter's cell was shook down, Jaguar 3-L-Cell #11 and a four inch knife hidden inside the toilet in the cell was found. Offender Carter was written up for rule #1, contraband.

During the Disciplinary Board hearing held on September 1, 2021 by Col. R. Wright and LSP Classification T. Campbell, Offender Counsel Sub. Arthur Carter Jr. made several motions (all denied) on my behalf; Motion/request to review the security cameras by the board, motion/request to dismiss the report based on false allegations; Motion/request to have outside/private attorney present during the hearing (which is why the rule violation was changed from a #30c to a #30w).

Reviewing the security cameras would reveal that upon my arrival at the head of the tier L.S.P. Security officers were already on the tier at offender's Troy kelly and Royce Burse cell breaking up the simple fight. Troy kelly was never on the tier after his altercation with Royce Burse to be able to 'pass me an "unknown" object'. Further-more, both offender's were written up for a Rule #10 (Simple Fight) which is supported by LSP Records. In fact review of the security cameras would reveal Officer McPhilps standing next to me the entire time I was at the head of the tier. Reviewing the camera could completely identify what I gave to offender Dwight Carter was 3 cans of dipping tobacco. Reviewing the camera would have identified that offender Carter did not go to his cell with the items I gave him, but to another offender cell and gave the 3 cans of dip to him (we exchanged waves) then offender Carter returned to the front of the tier and we engaged in brief conversation. The board failing

4(a)

to grant my motions created decisions based on falsified facts because of Lt. Col. Gauthier's report.

Investigative Services was called to the beeper activation for the altercation between Offenders Troy Kelly and Royce Burse and cleared it as a "Simple Fight". Travis Gaddy with Investigative Service LSP confirmed this When I spoke to him on September 15, 2021 at aprox. 8:46 A.M. on Raven Unit 2/B #6. I also allowed him to read the falsified Investigation Report. He informed me that he would speak with his supervisor.

I spoke with Camp C Warden Paul Smith on September 3, 2021 and allowed him to read the Investigation Report and he agreed that the statements of his report were indeed false being as he had already reviewed the camera footage himself the evening of the incident.

I made numerous attempts/requests to speak with Investigative Services (from 9/8/21 through 9/13/21), Camera footage for Tiger 1/B + 2/B Units will substantiate this.

On 9/12/21 at aprox. 8:10 A.M. on Tiger 2/B #6 I spoke with Captain Shalonda Brown (who was present at the time of the incident with Offender's Troy Kelly and Royce Burse); I allowed her to read the falsified Investigation Report done by Lt. Col. Gauthier and she also acknowledged that the report was indeed false and that she would speak with her supervisor's and advise them of my situation. She took a copy of the Investigation Report with her.

After completing the 10 Day Displinary Seg. Sentence that was imposed by the Disciplinary Board; Lt. Col. Gauthier further violated D.O.C. protocol by being a deciding board member of a Lockdown Review Summary held on me on 9/2/21 for this same Rule Violation (30w) and sending me to Working Seg (Working Cellblocks).

Warden Tim Delaney on 9/15/21 maliciously denied my D.B. Appeal in an attempt cover up the malfeasance by Lt. Col. Gauthier by incorrectly stating that I was found guilty of a Rule #30E and Rule #30H, which I was

4 (b)



Only charged with and found guilty of a Rule #30w. for something "unknown".

Offender Dwight Carter took full responsibilty and ownership for the Knife that was found in his possession. Offender Carter even told Col. Robert Wright that the only thing I passed him was 3 cans of smokeless tobacco when Col. Wright did his own independant investigation. Therefore, he had full Knowledge of this information prior to the D.B. Hearing in which he found me guilty of. How can the D.B. hold a impartial hearing on a serious rule violation offense such as this without first reviewing the evidence (security camera footage) themselves?!?

Request for review of the D.B proceedings/Appeal by Security James M. LeBlanc was maliciously denied imporperly finding that the investigation report to be clear, concise and to provide convincing evidence of the Violation as charged; when L.S.P's own security Camera footage and security officer's reveals otherwise. Witnesses include LSP security personel: Maj. Thomas Sterling, Capt. Austin Calvert; Capt. Shalonda Brown, Investigative service Travis Gaddy, Sgt. Lewis (Jag 3/4), Sgt. Granger (Jag 3/4), Sgt. McPhillips (Jag 1/2) and Lt.Col. Franklin; offender's Troy Kelly #574207, Royce Burse, Dwight Carter #416060.

4(c)

V.    **Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. All officers involved be demoted and held responsible for their role and involvement. Also that they be ordered to pay restitution. That I be awarded compensation in the amount of $60,000.00 for mental anguish and lost of liberty. To be protected from any retaliation for the filing of this complaint. Criminal charges filed against all parties.

VI.   **Plaintiff's Declaration**

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the Court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this _16th_ day of _February_, 2022.

_Randy C. Marshall_
(Signature of plaintiff(s)

5.

Mr. Randy C. Marshall #539910
General Delivery (D~Raven 2/R #6)
Louisiana State Penitentiary
Angola, La  70712



Clerk of the United States District Court
for the Middle District of Louisiana
777 Florida Street, Suite 139
Baton Rouge, La  70801~1712

70801-81766  C046

CENSORED
Not Responsible For Contents
La. State Penitentiary

FEB 3 0 1970

LA. STATE PEN,
AN ALL MALE PENAL INSTITUTE