**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RANDY CHARLES MARSHALL**            **CIVIL ACTION NO.**
**(#539910)**

**VERSUS**            **22-167-BAJ-SDJ**

**JAMES M. LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 3, 2023.

*/s/ Scott D. Johnson*

      **SCOTT D. JOHNSON**
      **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RANDY CHARLES MARSHALL**                              **CIVIL ACTION NO.**
**(#5399910)**

**VERSUS**                                                                               **22-167-BAJ-SDJ**

**JAMES M. LeBLANC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint of Plaintiff Randy Charles Marshall, who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana.[1] Based on the screening process mandated by 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that Marshall's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over potential state law claims.

**I.**      **Background**

Marshall instituted this action on or about March 8, 2022, against James M. LeBlanc, Willard Gauthier, Robert Wright, Thomas Sterling, Austin Calvert, and Tim Delaney, alleging violations of his constitutional rights as a result of an alleged wrongful disciplinary conviction.[2] Marshall seeks monetary and injunctive relief.[3]

---

[1] R. Doc. 1.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 7.

## II.   Law & Analysis

### a. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] While the

---

[4] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Marshall was granted IFP status on April 12, 2022 (R. Doc. 4), so both statutes apply.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §1915(e)(2)(B)(ii), §1915A, and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*

2

screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### b. Marshall Cannot State a Claim Arising from the False Disciplinary Report

Marshall's allegation that a false disciplinary report was filed against him and his complaints regarding the investigation surrounding the report fail to state a claim.[13] The law is clear that the issuance of one or more false disciplinary reports, even when the report results in punishment, is not a constitutional violation.[14] Moreover, the procedures governing prison disciplinary proceedings do not implicate any constitutionally-protected liberty interest unless the resulting punishment has subjected an inmate to an unusual and significant deprivation (evaluated in the context of prison life), and the failure to conduct a proper investigation of a disciplinary charge does not amount to a constitutional violation.[15] A disciplinary sentence of a quarters change

---

[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] The Court notes that Marshall has not pointed to any alleged constitutional infirmities involving the actual disciplinary hearing. R. Doc. 1, p. 4. Rather, he only complains that various motions were denied.
[14] *See Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984).
[15] *Sandin v. Conner*, 515 U.S. 472, 486 (1995). An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved (*Mahogany v. Miller,* 252 Fed.Appx. 593, 595 (5th Cir. 2007)), and there is no procedural due process right inherent in such a claim. The Fifth Circuit has made clear that inmates have no federally-protected liberty interest in having their grievances resolved to their satisfaction, so a related due process claim is not cognizable (*Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), and this logic and conclusion are equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

to segregated confinement for ten days, as occurred here, is not so unusual as to support a claim that Marshall's procedural due process rights were violated, absent other factors.[16] Accordingly, Marshall's claims arising from the alleged false disciplinary report, disciplinary investigation, and disciplinary proceedings should be dismissed for failure to state a claim upon which relief may be granted.[17]

### c. Marshall's Claims for Injunctive Relief are Improper

The Court also notes that Marshall's requests for injunctive relief are not cognizable. Marshall requests that all officers be demoted, that he be protected from retaliation for the filing of the Complaint, and that criminal charges be filed against all parties.[18] First, the request that all officers be demoted cannot be entertained in this Court.[19] Next, the request that this Court act to enjoin future retaliation due to the filing of the instant complaint is not cognizable because the request for relief does not relate to Marshall's claims, and he has failed to demonstrate past or current retaliation, so as to indicate any real threat.[20] In the event that retaliation occurs as a result of the filing of this Complaint, the proper mechanism for attempting to redress that wrong would be the filing of a new complaint. Finally, the request that criminal charges be filed against all Defendants is not cognizable because Marshall does not have a constitutional right to have anyone

---

[16] *Sandin*, 515 U.S. at 486. Marshall does not provide a single fact to indicate that his transfer to segregation subjected him to an unusual and significant deprivation.

[17] To the extent Plaintiff is trying to allege due process violations against any other Defendant because of the disciplinary charge or proceedings, those claims would fail for the same reasons as Plaintiff's claims against Juneau, Thompson, and Holden.

[18] R. Doc. 1, p. 7.

[19] *See Ware v. Tanner*, No. 12-2250, 2013 WL 5589506 at *10 (E.D. La. Oct. 10, 2013) (noting that it would be against precedent and the public's interest, if not an abuse of judicial resources, to entertain a request that prison officials be fired for their conduct); *Krist v. Smith,* 439 F.2d 146 (5th Cir.1971); *Haggerty v. Wainwright,* 427 F.2d 1137 (5th Cir.1970).

[20] *See Esparaza v. Kuykendall*, No. 17-45, 2020 WL 1501871, at *4 (E.D. Tex. March 30, 2020) (dismissing claim for injunctive relief to prospectively stop all forms of retaliation that may occur based upon the filing of the complaint).

criminally prosecuted, and the Court does not institute criminal prosecutions.[21] Accordingly, all claims for injunctive relief are subject to dismissal.

### d. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Marshall seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[22] Because dismissal of all federal claims has been recommended,[23] it is further recommended that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that this Court decline the exercise of supplemental jurisdiction over Randy Charles Marshall's potential state law claims, that Marshall's federal claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this case be **CLOSED**.[24]

Signed in Baton Rouge, Louisiana, on March 3, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] *Williams v. Caddo Correctional Center*, No. 09-381, 2009 WL 2485389, at *1 (W.D. La. Aug. 11, 2009).
[22] 28 U.S.C. § 1367.
[23] The likely state law claim involving this set of facts is battery, which requires a distinct analysis from an excessive force claim.
[24] Marshall is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.